



## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | No. 10-00244-01/05-CR-W-DW |
| ) | |
| Plaintiff, ) | **COUNT ONE:** |
| ) | 18 U.S.C. § 371 |
| v. ) | **Conspiracy** |
| ) | ALL DEFENDANTS |
| **EDWARD BAGLEY SR.,** ) | [NMT: Five Years Imprisonment, |
| a/k/a "Master Ed" ) | $250,000 Fine, Three Years Supervised |
| [DOB: 04/16/1967] ) | Release, Plus $100 Special Assessment] |
| ) | Class D Felony |
| **BRADLEY COOK,** ) | |
| [DOB: 09/24/1978] ) | **COUNT TWO:** |
| ) | 18 U.S.C. §§ 1591, 1594, and 2 |
| **DENNIS HENRY,** ) | **Sex Trafficking by Force, Fraud or Coercion** |
| [DOB: 01/13/1960] ) | ALL DEFENDANTS |
| ) | [NLT: Fifteen Years Imprisonment, |
| **MICHAEL STOKES,** ) | NMT: Life Imprisonment, $250,000 |
| a/k/a "The Rodent" ) | Fine, Five Years Supervised |
| [DOB: 05/28/1948] ) | Release, Plus $100 Special Assessment] |
| ) | Class A Felony |
| and ) | |
| ) | **COUNT THREE:** |
| **JAMES NOEL,** ) | 18 U.S.C. §§ 1589 and 1594 |
| [DOB: 09/28/1965] ) | **Forced Labor Trafficking** |
| ) | DEFENDANT BAGLEY |
| ) | [NMT: Life Imprisonment, $250,000 Fine, |
| Defendants. ) | Five Years Supervised Release, Plus $100 |
| | Special Assessment] |
| | Class A Felony |

**COUNT FOUR:**

18 U.S.C. § 2422(b)

**Use of an Interstate Facility for Enticement**

DEFENDANT BAGLEY

[NLT: Ten Years Imprisonment,
NMT: Life Imprisonment, $250,000 Fine,
Any Term of Years or Life Supervised
Release, Plus $100 Special Assessment]
Class A Felony

FILED
9-8-10
ANN THOMPSON, CLK.
U.S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI
MB

<u>COUNT FIVE</u>:
18 U.S.C. § 1592
**Document Servitude**
DEFENDANT BAGLEY
[NMT:   Five Years Imprisonment,
$250,000 Fine, Three Years Supervised
Release, Plus $100 Special Assessment]
Class D Felony

<u>COUNT SIX</u>:
18 U.S.C. § 2422(a)
**Enticement to Travel for Sexual Activity**
DEFENDANT BAGLEY
[NMT: Twenty Years Imprisonment,
$250,000 Fine, Three Years Supervised
Release, Plus $100 Special Assessment]
Class C Felony

<u>COUNT SEVEN</u>:
18 U.S.C. §§ 2421 and 2
**Transportation for Sexual Activity**
DEFENDANTS BAGLEY and HENRY
[NMT: Ten Years Imprisonment,
$250,000 Fine, Three Years Supervised
Release, Plus $100 Special Assessment]
Class C Felony

## COUNT EIGHT:
21 U.S.C. §§ 846, 859(a), 841(b)(1)(D)
**Conspiracy to Distribute a Controlled**
**Substance to a Person Under 21-Years Old**
DEFENDANT BAGLEY
[NLT: One Year Imprisonment,
NMT: Five Years Imprisonment, $250,000
Fine, NLT: Two Years Supervised Release,
Plus $100 Special Assessment]
Class D Felony

## COUNTS NINE & TEN:
18 U.S.C. § 922(g)(3)
**Drug User in Possession of a Firearm**
Count Nine: DEFENDANT BAGLEY
Count Ten: DEFENDANT COOK
[NMT: Ten Years Imprisonment,
$250,000 Fine, Three Years Supervised
Release, Plus $100 Special Assessment]
Class C Felony

## COUNT ELEVEN:
18 U.S.C. §§ 1952(a) and 2
**Use of an Interstate Facility to Facilitate**
**Unlawful Activity**
ALL DEFENDANTS
[NMT: Five Years Imprisonment,
$250,000 Fine, Three Years Supervised
Release, Plus $100 Special Assessment]
Class D Felony

## ALLEGATION OF FORFEITURE

Order of Restitution

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE
(Conspiracy)

3

A.    <u>Introduction</u>

At all times relevant to this Indictment:

1. Defendants **EDWARD BAGLEY, SR.,** a/k/a "Master Ed," **DENNIS HENRY,** **MICHAEL STOKES,** a/k/a "The Rodent," **JAMES NOEL,** and **BRADLEY COOK,** were residents of the Western District of Missouri.

2. At all times relevant to this Indictment, a female born in February 1986, was the victim of the crimes alleged herein. Female Victim, hereafter "FV, was a resident of the Western District of Missouri.

B.    <u>Object of the Conspiracy</u>

Between on or about December 2002 to and including February 27, 2009, within the Western District of Missouri, and elsewhere, Defendants **EDWARD BAGLEY, SR., DENNIS HENRY, MICHAEL STOKES, JAMES NOEL, BRADLEY COOK** and others known and unknown to the Grand Jury, conspired and agreed with each other to:

(a) recruit, entice, harbor, transport, provide, and obtain FV to benefit financially and by receiving something of value from participation in a venture which engaged in an act of recruiting, enticing, harboring, transporting, providing, and obtaining FV, knowing that means of force, fraud, and coercion, and any combination of such means, would be used to cause FV to engage in a commercial sex act; all in violation of Title 18, United State Code, Section 1591(a)(1);

(b) use a facility of interstate commerce to promote, establish, carry on, and facilitate the promotion, establishment, and carrying on, of unlawful activity; all in violation of Title 18, United States Code, Section 1952(a)(3).

C.    <u>Manner and Means By Which the Object of the Conspiracy was to be Accomplished</u>

4

The object of the conspiracy was to be accomplished, in substance, as follows:

1.     Defendant **EDWARD BAGLEY, SR.** and a person known to the Grand Jury recruited and enticed a runaway minor female, FV, who suffered from mental deficiencies, into their trailer home in a wooded area within the Western District of Missouri.

2.     Defendant **EDWARD BAGLEY, SR.** and a person known to the Grand Jury engaged in sexual intercourse and sexual torture activities with FV to groom and coerce her to become a "sex slave."

3.     Defendant **EDWARD BAGLEY, SR.** beat, whipped, flogged, suffocated, choked, electrocuted, caned, skewered, drowned, mutilated, hung, and caged FV to coerce her to become a "sex slave."

4.     Defendant **EDWARD BAGLEY, SR.** advertised and publicized FV over the internet and in live web cam sessions as his slave who would engage in sexual acts and could be tortured during live online sessions, or in person.

5.     Defendants **DENNIS HENRY, MICHAEL STOKES, JAMES NOEL** and **BRADLEY COOK**, communicated with Defendant **EDWARD BAGLEY, SR.** on the internet and the telephone regarding **BAGLEY, SR.'s** use of FV and the sexual acts he could have her perform for them as his slave.

6.     Defendants **DENNIS HENRY, MICHAEL STOKES, JAMES NOEL** and **BRADLEY COOK** provided Defendant **EDWARD BAGLEY, SR.** with benefits and things of value including, but not limited to, cash, cigarettes, computer hard drives, sadomasochism videos, coats, and meat.

5

7.      Defendant **EDWARD BAGLEY, SR.** accepted the benefits and things of value and coerced FV to engage in sexual acts and torture sessions with Defendants **DENNIS HENRY, MICHAEL STOKES, JAMES NOEL** and **BRADLEY COOK** .

8.      Defendants **DENNIS HENRY, MICHAEL STOKES, JAMES NOEL** and **BRADLEY COOK** engaged in sexual acts with FV, including sexual torture, including, but not limited to, flogging, whipping, shocking, choking, piercing, sewing, stapling, and electrocuting.

D.      <u>Overt Acts</u>

In furtherance of the conspiracy and to accomplish the object of the conspiracy, Defendants **EDWARD BAGLEY, SR., DENNIS HENRY, MICHAEL STOKES, JAMES NOEL**, and **BRADLEY COOK**, and others known and unknown to the Grand Jury, committed various overt acts within the Western District of Missouri and elsewhere, including, but not limited to the following:

1.      In or about December 2002, Defendant **EDWARD BAGLEY, SR.** invited FV, a 16-year-old minor, who grew up in foster care homes, into his residence after she ran away from home and promised her "a great life," including but not limited to, making her a model and a dancer, and making her "dreams come true."

2.      In or about December 2002, Defendant **EDWARD BAGLEY, SR.** gave FV her own bedroom, dresser, and television,  and provided her with clothes and food to entice her to stay in his trailer home.

3.      Between on or about December 2002, to and including February 27, 2009, Defendant **EDWARD BAGLEY, SR.** gave FV marijuana and ecstasy, Schedule I controlled substances.

6

4.     Between on or about December 2002 to and including February 2004, Defendant **EDWARD BAGLEY, SR.** sexually abused FV repeatedly while she was still a minor.

5.  Between on or about December 2002 to and including February 2004, Defendant **EDWARD BAGLEY, SR.** showed FV, while she was still a minor, images of pornography and sadomasochism activities on the internet and television.

6.  On or about February 10, 2004, Defendant **EDWARD BAGLEY, SR.** had FV sign a "sex slavery contract" and related home-made documents, shortly after her 18th birthday and instructed FV that the contract legally bound her to him as his "sex slave," with a term that "never" ended.

7.  On or about February 10, 2004, Defendant **EDWARD BAGLEY, SR.** sewed FV's urinary opening and vagina shut to show her what was "expected of her."

8.  Between on or about February 10, 2004, to and including February 2005, Defendant **EDWARD BAGLEY, SR.** had FV tattooed to mark her as his property, which included a tattoo of:

(1) a bar code on FV's neck; (2) a tribal tattoo on her back with the letter "S" to mark her as a slave; and (3) the Chinese symbol for slave on her ankle.

9.  Between on or about December 2002, to and including February 27, 2009, Defendant **EDWARD BAGLEY, SR.** engaged in oral, vaginal, and anal sex with FV.

10.  Between on or about February 10, 2004, to and including February 27, 2009, Defendant **EDWARD BAGLEY, SR.** performed the following sexual acts, mutilation, and torture, any one of which constitute an overt act, including, but not limited to, the following:

7

a. Defendant **EDWARD BAGLEY, SR.** pierced and sewed FV's vaginal opening and breasts with metal piercings and needles.

b. Defendant **EDWARD BAGLEY, SR.** whipped FV's body, breasts, genitalia, and anus with paddles, canes, and floggers.

c. Defendant **EDWARD BAGLEY, SR.** tied up FV naked, suspended her in the air, and stretched her limbs in opposing directions.

d. Defendant **EDWARD BAGLEY, SR.** shocked FV with electrical devices, such as a violet wand and an "Erostek."

e. Defendant **EDWARD BAGLEY, SR.** tied and nailed FV's labia and nipples to slabs of wood.

f. Defendant **EDWARD BAGLEY, SR.** inserted a catheter into FV's urethra and clamped the cord to prevent urination for extended periods of time.

g. Defendant **EDWARD BAGLEY, SR.** bound and tied FV naked to a wooden pony with an appendage inserted into her vaginal or anal opening.

h. Defendant **EDWARD BAGLEY, SR.** strapped FV down for hours at a time on a home-made device consisting of a plastic toolbox with a motor and piston inside connected to a metal arm with a dildo attached.

i. Defendant **EDWARD BAGLEY, SR.** tied ball gags and leather hoods over FV's mouth, which interfered with FV's ability to see, breathe, and speak.

j. Defendant **EDWARD BAGLEY, SR.** locked and handcuffed FV naked in a dog cage, often suspending the cage in the air or attaching FV's sex organs to electrical devices while she was trapped in the cage.

8

k. Defendant **EDWARD BAGLEY, SR.** inserted a plug into FV's anus which he used to electrocute her and force water into her rectum.

l. Defendant **EDWARD BAGLEY, SR.** suffocated FV to unconsciousness with ropes and plastic bags.

m. Defendant **EDWARD BAGLEY, SR.** performed "waterboarding" on FV by forcing her head underwater or pouring water on her face for extended periods of time.

n. Defendant **EDWARD BAGLEY, SR.** electrocuted FV with crank phones by generating high levels of electric voltage into FV through her toes, labia, nipples, vagina, and anus.

11. Between on or about February 10, 2004, to and including, February 27, 2009, **EDWARD BAGLEY, SR.** escalated, increased, and extended the torture outlined in Paragraphs 10(a) - (n) above, that he executed upon FV as a form of punishment if FV attempted to stop the activity, cried for help, or did not otherwise cooperate during the course of the torture.

12. Between on or about February 2005, to and including, February 27, 2009, Defendant **EDWARD BAGLEY, SR.** tortured FV on live web cam over the internet.

13. Between on or about February 10, 2004, to and including, February 27, 2009, Defendant **EDWARD BAGLEY, SR.** threatened and exhibited his ability to kill FV by maintaining numerous guns in the home, shooting animals she cared for in front of her, and bragging about the bodies he had already buried in the woods behind the trailer home.

14. Between on or about February 10, 2004, to and including, February 27, 2009, **EDWARD BAGLEY, SR.** threatened to bury FV alive and showed her a video demonstrating how he intended to do it.

9

15. Between on or about February 10, 2004, to and including, February 27, 2009, **EDWARD BAGLEY, SR.** ignored FV's pleas to stop abusing her, including when she attempted to use a "safe word" during the sex/torture sessions that he performed with her alone, and those witnessed in and participated in by Defendants **DENNIS HENRY, MICHAEL STOKES, JAMES NOEL**, and **BRADLEY COOK** .

16. Between on or about February 10, 2004, to and including, February 27, 2009, **EDWARD BAGLEY, SR.** performed abortions on FV using speculums, vacuums, and clothing hangers for the purpose of terminating pregnancies.

17. Between on or about February 10, 2004, to and including February 27, 2009, Defendants **DENNIS HENRY, MICHAEL STOKES, JAMES NOEL**, and **BRADLEY COOK** communicated with Defendant **EDWARD BAGLEY, SR.** on the internet and the telephone regarding sexual and torture activities involving FV.

18. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **DENNIS HENRY** tied FV up, strapped her to a wooden pony, whipped her with floggers and leather straps, and shocked her using an "Erostek," an electric device.

19. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **DENNIS HENRY** engaged in oral, anal, and vaginal sex with FV.

20. In or about December 2006, Defendants **EDWARD BAGLEY, SR.,** and **DENNIS HENRY** transported FV from Missouri to California with the intent that FV perform sexual acts during a photo shoot.

21. In or about December 2006, Defendant **DENNIS HENRY** paid approximately $1,400 for a car rental, gas, hotel and various travel expenses during the trip from Missouri to California.

10

22. In or about March 2007, Defendant **DENNIS HENRY** gave **BAGLEY** an additional $500 for further transportation of FV from Missouri to California.

23. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **MICHAEL STOKES** flogged FV, shocked her vaginal opening with a violet wand, tortured her with a sensory deprivation device, and watched **EDWARD BAGLEY, SR.** torture FV with a crank phone and electrocute FV while she was confined in a dog cage.

24. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **MICHAEL STOKES** engaged in oral and vaginal sex with FV.

25. In or about December 2006, Defendant **MICHAEL STOKES** gave defendant **BAGELY** $1,000 to transport FV to California.

26. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **MICHAEL STOKES** gave **EDWARD BAGLEY, SR.** steaks, cigarettes, coats, clothing, lighters, and cash.

27. In or about March 2005, Defendant **MICHAEL STOKES** gave **EDWARD BAGLEY, SR.** $300 to build a home-made device to torture FV, which was made up of a black plastic toolbox with a motor and piston inside connected to a metal arm with a dildo attached.

28. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **JAMES NOEL** paid Defendant **EDWARD BAGLEY, SR.** $300 to watch and engage in torture activities with FV.

29. Between on or about February 10, 2004, to and including February 27, 2009, Defendant **JAMES NOEL**, tortured FV with a crank phone, electrical devices, a violet wand and floggers, and watched Defendant **EDWARD BAGLEY, SR.**, torture FV with the home-made

device, crank phone, electrical devices, and floggers.

30.  Between on or about February 10, 2004, to and including  February 27, 2009, Defendant **BRADLEY COOK**, downloaded pictures and video of FV being sexually abused and tortured made available by Defendant **EDWARD BAGLEY, SR.**

31.  Between on or about February 10, 2004, to and including  February 27, 2009, Defendant **BRADLEY COOK** gave Defendant **EDWARD BAGLEY, SR.** a hard drive with sadomasochism and torture videos downloaded from the internet.

32.  Between on or about February 10, 2004, to and including  February 27, 2009, Defendant **BRADLEY COOK** downloaded streaming video of FV on the internet of Defendant **EDWARD BAGLEY, SR.**  torturing FV, including, but not limited to, **BAGLEY, SR.** flogging, whipping, applying nipple clamps, engaging in ceiling suspension, binding, gagging, and strapping FV to a wooden pony.

33.  Between on or about February 10, 2004, to and including February 27, 2009, Defendant **BRADLEY COOK**, engaged in vaginal, anal, and oral sex with FV.

34.   Between on or about February 2003, to and including February 27, 2009, Defendant **EDWARD BAGLEY, SR.**  took and held FV's government identification documents, including FV's state issued identification car, birth certificate and social security card.

35.  Between on or about June 2007, to and including February 27, 2009, Defendant **EDWARD BAGLEY, SR.** punished and threatened to punish FV with torture and physical and sexual abuse for failing to be a top earner at the adult entertainment clubs where he had her dance and strip.

36.    On or about February 27, 2009, Defendant **EDWARD BAGLEY, SR.** suffocated and electrocuted FV during a torture session to a state of cardiac arrest, which resulted in emergency medical treatment and hospitalization.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Sex Trafficking by Force, Fraud or Coercion)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about February 10, 2004, continuing through on or about February 27, 2009, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR., DENNIS HENRY, MICHAEL STOKES, BRADLEY COOK,** and **JAMES NOEL,** defendants herein, aiding and abetting one another and others, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, and obtained by any means, a person, namely FV, and benefitted financially and by receiving something of value from participation in a venture engaged in such acts, knowing that force, fraud, and coercion would be used to cause FV to engage in a commercial sex act; and attempted to do so.

All in violation of Title 18, United States Code, Sections 1591(a), 1594, and 2.

## COUNT THREE
(Forced Labor Trafficking)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about June 2007, continuing through on or about February 27, 2009, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.,** defendant herein,

13

knowingly provided and obtained the labor and services, to wit: stripping and exotic dancing at adult entertainment clubs, of a person, namely FV, by the means of: (1) threats of serious harm to or physical restraint against FV; (2) by means of a scheme, plan, and pattern intended to cause FV to believe that, if she did not perform such labor and services, that she would suffer serious harm and physical restraint, and said acts involved aggravated sexual abuse; and attempted to do so.

All in violation of Title 18, United States Code, Sections 1589 and 1594.

## COUNT FOUR
(Use of an Interstate Facility for Enticement)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about May 2002, continuing through on or about February 2004, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.,** defendant herein, knowingly used a facility and means of interstate commerce, the internet, to persuade, induce, entice, and coerce an individual, namely FV, who had not attained the age of 18 years, to engage in prostitution and any sexual activity for which any person could be charged with a criminal offense; to wit: statutory sodomy in the second degree in violation of Mo. St. 566.064, and statutory rape in the second degree in violation of Mo. St. 566.034.

All in violation of Title 18, United States Code, Section 2422(b).

## COUNT FIVE
(Document Servitude)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

14

Between on or about February 2004, continuing through on or about February 27, 2009, all dates being approximate and inclusive, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.**, defendant herein, knowingly concealed, removed, confiscated, and possessed actual and purported Government identification documents, including FV's state issued identification card, birth certificate, and social security card, in the course of violations of 18 U.S.C. §§ 1591 and 1589.

All in violation of Title 18, United States Code, Section 1592.

## COUNT SIX
### (Enticement to Travel for Sexual Activity)

The Grand Jury for the Western District of Missouri further charges that the Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about May 2006, and continuing through on or about March 2007, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.**, defendant herein, knowingly persuaded, induced, enticed, and coerced an individual, namely FV, to travel in interstate and foreign commerce, to engage in prostitution and any sexual activity for which a person could be charged with a criminal offense, to wit: unlawful sexual conduct procured by fear in violation of Cal. Penal Code § 266c, pandering in violation of Cal. Penal Code § 266(i), prostitution in violation of Cal. Penal Code § 647(b), conspiracy to commit sex trafficking in violation of 18 U.S.C. § 371, as alleged in Count One of this indictment, and sex trafficking in violation of 18 U.S.C. § 1591, as alleged in Count Two of this indictment; and attempted to do so.

All in violation of Title 18, United States Code, Section 2422(a).

15

## COUNT SEVEN
### (Transportation for Sexual Activity)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about December 2006, continuing through on or about March 2007, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.,** and **DENNIS HENRY,** defendants herein, aiding and abetting one another and others, knowingly transported an individual, namely FV, in interstate commerce, with the intent that FV engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, to wit: prostitution in violation of Cal. Penal Code § 647(b), pandering in violation of Cal. Penal Code § 266(i), conspiracy to commit sex trafficking in violation of 18 U.S.C. § 371, as alleged in Count One of this indictment, and sex trafficking in violation of 18 U.S.C. § 1591, as alleged in Count Two of this indictment; and attempted to do so.

All in violation of Title 18, United States Code, Sections 2421 and 2.

## COUNT EIGHT
### (Conspiracy to Distribute a Controlled Substance to a Person Under 21-Years Old)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about September 2002, continuing through on or about February 2007, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.,** defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed with others both known and unknown to the grand jury to distribute marijuana, a Schedule I controlled substance,

16

to FV, a person under twenty-one years of age; and did so while being over the age of eighteen years of age.

All in violation of Title 21, United States Code, Sections 846, 859(a), and 841(b)(1)(D).

## COUNT NINE
(Drug User in Possession of a Firearm)

On or about, June 18, 2009, in the Western District of Missouri and elsewhere,

**EDWARD BAGLEY, SR.**, defendant herein, knowingly possessed a firearm and ammunition, to wit: North American Arms, .22 caliber revolver, SN: R16315; Ruger, Model Single Six, .22 caliber revolver, SN: 264-98461; Sig Sauer, Model Mosquito, .22 caliber pistol, SN: F003666; HS Products, Model XD45, .45 caliber pistol, SN: US735825; Colt, Model Commander, .45 caliber pistol, SN: 70SC2842; CBC, 12 gauge caliber shotgun, SN: 1283530; Ruger, Model 10/22, .22 caliber rifle, SN: 230-58120; Ruger, Model 10/22, .22 caliber rifle, SN: 248-38207; Marlin Firearms Co., Model 23, .22 caliber rifle, SN: 01237421; Remington Arms Company, Model 742, .22 caliber rifle, SN: B7278888; Winchester, Model 67, .22 caliber rifle, with no serial number; which had been shipped in interstate and foreign commerce, while being an unlawful user of marijuana, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 922(g)(3).

## COUNT TEN
(Drug User in Possession of a Firearm)

On or about, December 15, 2009, in the Western District of Missouri and elsewhere,

**BRADLEY COOK**, defendant herein, knowingly possessed firearms and ammunition, to wit: Czechoslovakia, Model VZ24, .308 caliber rifle, SN: P4E22; Remington Arms Company, Model 870 Express, 12 gauge shotgun, SN: AB005111A; Taurus, .38 caliber revolver, SN: AX89377;

17

Ruger, Model P95, 9mm caliber pistol, SN: 313-28017; Romarm/Cugir, 7.62 caliber rifle, SN: CV-4737; Olympic Arms Inc., Model PCR, .223 caliber rifle, SN: BT4539; Mossberg, Model 500A, 12 gauge shotgun, SN: T356506; which had been shipped in interstate and foreign commerce, while being an unlawful user of marijuana, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 922(g)(3).

## COUNT ELEVEN
### (Use of an Interstate Facility to Facilitate Unlawful Activity)

The Grand Jury hereby incorporates by reference, and alleges herein, the factual allegations in paragraphs A through D of Count One of this indictment.

Between on or about February 10, 2004, continuing through on or about June 2007, in the Western District of Missouri and elsewhere, **EDWARD BAGLEY, SR.**, **DENNIS HENRY**, **MICHAEL STOKES, BRADLEY COOK**, and **JAMES NOEL**, defendants herein, aiding and abetting one another and others, knowingly used a facility of interstate commerce with the intent to commit a crime of violence to further unlawful activity and otherwise promote, establish, carry on, and facilitate the promotion, establishment and carrying on, of unlawful activity, to wit: prostitution in violation of Mo. St. 567.020, Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 371, as alleged in Count One of this indictment, and Sex Trafficking in violation of 18 U.S.C. § 1591, as alleged in Count Two of this Indictment; and attempted to do so.

All in violation of Title 18, United States Code, Sections 1952(a) and 2.

## ALLEGATION OF FORFEITURE

The allegations contained in Counts One through Eleven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924(d), 982(a)(1), 1589, 1591, 1593(b)(4), 1594(d), 2253, 2422 and 2428, and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 571, 922, 1591, 1589 and 2422(a), set forth in Counts One, Two, Three, Four, Seven, Ten, and Eleven of this Indictment, the defendants, **EDWARD BAGLEY, SR.**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 924(d), 982(a)(1), 1589, 1591, 1593(b)(4), 1594(d), 2253, 2422 and 2428, and Title 28, United States Code, Section 2461(c), any property, real or personal, which was involved in the offenses, or which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following:

### Personal Property

Computers, hard drives, gaming consoles, and their associated peripheral devices, including a Compaq computer, Serial Number CNX7280M2V, and a Gateway computer, serial number  XGM8670001200 (from Ozark Mountain Computers), both recovered from **EDWARD BAGLEY, SR.**; and an Xbox 360, Serial Number 80121281807, an Xbox 360, Serial Number 045056163207, Compaq Presario computer, Serial Number CNC3500355, a Samsung Hard Drive, Serial Number  S013J10X102952, a Compaq Presario computer, Serial Number 2CE61403ZR, and an HP Pavilion compute, Serial Number MXK34612HK, all recovered from defendant COOK.

Sex toys and paraphernalia, including:

- suitcase with piercing items;
- silver suitcase with electrical wand kit;
- brown suitcase with violet wand kit;
- Fukuoka 9000 massager;
- seven chains;
- seven "c" clamps;
- Novapro light and sound machine;
- Parafin wax warmer;
- black tool box with dildo motor;
- tool box with various needles and piercing supplies;

Case 4:10-cr-00244-DW   Document 1   Filed 09/08/10   Page 19 of 21

- one set of handcuffs and one set of leg irons;
- box with multiple dildos, enemas, and other sexual devices;
- wires and connectors for electrical devices;
- gynecological and medical supplies;
- acupuncture needles;
- cupping set;
- 35 whips and floggers;
- two black straight jackets;
- bundle of white rope;
- weight belt;
- two wooden spreader bars;
- one wooden pony;
- one wooden horse;
- one black submissive bench.

Firearms recovered from defendant **EDWARD BAGLEY, SR.**, including:

- North American Arms, .22 caliber revolver, SN: R16315;
- Ruger, Model Single Six, .22 caliber revolver, SN: 264-98461;
- Sig Sauer, Model Mosquito, .22 caliber pistol, SN: F003666;
- HS Products, Model XD45, .45 caliber pistol, SN: US735825;
- Colt, Model Commander, .45 caliber pistol, SN: 70SC2842;
- CBC, 12 gauge caliber shotgun, SN: 1283530;
- Ruger, Model 10/22, .22 caliber rifle, SN: 230-58120;
- Ruger, Model 10/22, .22 caliber rifle, SN: 248-38207;
- Marlin Firearms Co., Model 23, .22 caliber rifle, SN: 01237421;
- Remington Arms Company, Model 742, .22 caliber rifle, SN: B7278888;
- Winchester, Model 67, .22 caliber rifle, with no serial number.

Firearms recovered from defendant **BRADLEY COOK**, including:

- Czechoslovakia, Model VZ24, .308 caliber rifle, SN: P4E22;
- Remington Arms Company, Model 870 Express, 12 gauge shotgun, SN: AB005111A;
- Taurus, .38 caliber revolver, SN: AX89377;
- Ruger, Model P95, 9mm caliber pistol, SN: 313-28017;
- Romarm/Cugir, 7.62 caliber rifle, SN: CV-4737;
- Olympic Arms Inc., Model PCR, .223 caliber rifle, SN: BT4539;
- Mossberg, Model 500A, 12 gauge shotgun, SN: T356506.

**United States Currency and Other Property Involved In or Traceable to the Offense**

Approximately not less than $112,200.00 in United States currency, and any interest and proceeds traceable thereto, representing property involved in the charged offenses and the net proceeds obtained by defendant **EDWARD BAGLEY, SR.** and **BRADLEY COOK**, in that such

20

sum in aggregate, was involved in the charged offenses, and was involved in, and constitutes or is derived from, proceeds traceable to the offenses set forth in Count Three (Forced Labor Trafficking).

### Substitute Assets

If any of the property described above, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), up to the value of the above forfeitable property.

All pursuant to 18 U.S.C. §§ 982(a)(1), 1589, 1591, 1593(b)(4), 1594(d), 2253(a)(2) and (3), 2422(a), 2428, and 28 U.S.C. § 2461(c).

A TRUE BILL.

9-7-10
_____
DATE

_____
FOREPERSON OF GRAND JURY

_____
Cynthia L. Cordes
Assistant United States Attorney

21