IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-01-06-CR-W-DW |
| | ) | |
| EDWARD BAGLEY, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE
TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

COMES NOW the United States of America, by its Acting United States Attorney, David M. Ketchmark, and by undersigned Assistant United States Attorneys, for the Western District of Missouri, and pursuant to Federal Rules of Evidence 404(a) and 405, moves this Court to order the defendant to refrain from eliciting at any time during the trial, including during voir dire, opening statement, direct examination, cross-examination of government witnesses and closing argument, specific instances of defendant's good conduct unrelated to a specific character trait in issue. In support of this Motion, the government offers the Court the following background, points, and authorities.

**I.     Background**

The defendant's investigation has involved obtaining statements from numerous character witnesses unrelated to the instant case. The defendant has not provided the government with any indication or summary of the content of these witnesses' testimony. However, based on conversations with counsel for the defendant and the defendant's recorded statements in custodial telephone calls, these defense witnesses have no knowledge of the charged conduct and

were not present for any of the abuse inflicted upon the victim. These witnesses will only testify that Defendant Edward Bagley, in their opinion, is generally a "good guy," and will offer instances of when he was nice or helped them with an unrelated subject matter, *e.g.*: "he fixed my car once." Without any other information from the defense, the government anticipates that defendant will attempt to elicit testimonials from his family members, "buddies" from his hometown, and acquaintances (in some cases estranged) about conduct wholly unrelated to the case.

Any attempt to elicit testimonials from the defendant's history is an improper attempt to produce evidence of good character unrelated to a specific relevant character trait, in contravention of Federal Rules of Evidence 404(a) and 405. While this motion may appear unnecessary due to the general prohibition under Fed. R. Evid. 404(a) and 405, the defendant has demonstrated that he will continue to utilize court funding to seek out such inadmissible testimony and intends to proceed to trial with the misunderstanding that this evidence is admissible and serves as some type of defense to the charges. Thus, the government requests a pretrial order in limine ruling from the court on this issue.

## II.     Applicable Rules of Evidence

    A.     FRE 404(a)

This rule provides, in pertinent part:

> **Rule 404. Character Evidence; Crimes or Other Acts**
> **(a) Character Evidence.**
>     **(1) Prohibited Uses.** Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

B.  FRE 405

This rule provides, in pertinent part:

> **Rule 405.  Methods of Proving Character.**
>
> **(a) By Reputation or Opinion.**  When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of opinion.  On cross-examination of the character witness, the court may allow inquiry into relevant specific instances of the person's conduct.
>
> **(b) By Specific Instances of Conduct.**  When a persons' character or character trait is an essential element of a charge, claim or defense, the character or trait may also be provided by relevant specific instances of the person's conduct.

C.  Applicable Caselaw

In *United States v. Nazzaro*, a case of a police officer convicted of paying for advance copies of a civil service examination, the trial court excluded from evidence the officer's "resume and other anecdotal proof of commendations received by him in military service and as a police officer."  889 F.2d 1158, 1168 (1st Cir. 1989).  Additionally, the court rejected the defendant's proffer to show that a medal had been bestowed upon him for special valor.  In upholding the trial court's rejection of such evidence, the First Circuit observed:

> Assuming, without deciding, that these materials can be considered 'character evidence' at all, the traits which they purport to show – bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes of which [defendant] stood accused. . . .  Moreover, the evidence, as presented below seems to us classic hearsay, and is inadmissible for that reason as well.

*Id.*(internal citations omitted).

Similarly in the case before the court, the defendant should not be allowed to introduce testimony about being a "good guy," since it does not address a particular character trait in issue. Additionally, the testimony is specific instances of conduct which does not comprise admissible character testimony unless a yet-unidentified-relevant trait is also an essential element of the charge or the defense. (FRE 405(b)).

In *United States v. Washington*, a police officer in the District of Columbia was convicted of cocaine and weapons offenses. 106 F.3d 983 (D.C. Cir. 1997). He had sought to have evidence admitted under FRE 405(b) of several commendations he had received on the police force in an attempt to rebut 404(b) evidence raised by the government and the government's proof of predisposition in its rebuttal of his entrapment defense. 106 F.3d at 999. The district court refused to admit the commendations, explaining that they did not fit the criteria for any exception from the hearsay rule for character evidence, that they did not constitute rebuttal evidence and that neither Rule 404 nor 405 provided a basis for their admission. *Id.*

In upholding the trial court's decision, the District of Columbia Circuit opined:

> As the government persuasively argues, the commendations were not admissible under either Rule [404 or 405] because appellant's 'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged.

*Id.*

In a similar vein, Defendant Bagley's good behavior as a family member, "buddy," or acquaintance is not pertinent to any charge contained in the indictment. Neither are they an

essential element of his defense, which is that the victim allegedly consented to the sex trafficking, and/or a general denial. *See also, United States v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1993) (character not an element of a defense when defendant claiming someone else put the contraband near defendant.)

### III.     Conclusion

The Federal Rules instruct that the defendant should be precluded from improperly attempting to induce sympathy for himself by bringing before the jury irrelevant testimony regarding specific instances of "good conduct."

WHEREFORE, the government respectfully moves this Court to order the defendant to refrain from adducing such evidence at any point during the trial.

<div style="margin-left: 40%;">

Respectfully submitted,

David M. Ketchmark
Acting United States Attorney

By   */s/ Paul S. Becker*
Paul S. Becker
Assistant United States Attorney
Chief, Violent Crimes Strike Force Unit

*/s/ Cynthia L. Cordes*

Cynthia L. Cordes
Assistant United States Attorney
Human Trafficking Coordinator

*/s/ John Cowles*

John Cowles
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri  64106
Telephone: (816) 426-3122

</div>

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on July 31, 2012, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Cynthia L. Cordes*

Cynthia L. Cordes
Assistant United States Attorney

CLC:lm