IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-00244-01-06-CR-W-DW |
| | ) | |
| EDWARD BAGLEY, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S NOTICE TO ADMIT EVIDENCE OF SIMILAR
CRIMES OF SEXUAL ASSAULT PURSUANT TO FED. R. EVID. 413**

COMES NOW the United States of America, by its Acting United States Attorney, David M. Ketchmark, and by undersigned Assistant United States Attorneys for the Western District of Missouri, and provides notice to Defendant Edward Bagley[1] of the government's intent to introduce evidence of his similar crimes of sexual assault pursuant to Fed. R. Evid. 413.[2] Subsection (b) of the Rule requires the government to give notice

---

[1] While the content of this evidence details offenses of sexual assault against Defendant Marilyn Bagley, the notice provided herein applies to Defendant Edward Bagley alone, as it is evidence of *his* similar sexual assaults being admitted against him pursuant to Rule 413.

[2] Rule 413 supersedes the general rule against propensity evidence set forth in Fed. R. Evid. 404. *United States v. Hollow Horn*, 523 F.3d 882, 887 (8th Cir. 2008); *see United States v. Crawford*, 413 F.3d 873, 875-76 (8th Cir. 2005); *United States v. Mound*, 149 F.3d 799, 801-02 (8th Cir. 1998). Thus, analysis under Rule 404(b) is unnecessary. Nonetheless, in the alternative and noted here in an abundance of caution, this evidence is also admissible under Rule 404(b) to show motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake or accident.

to the defendant and disclose such evidence before trial. In support of its notice, the Government offers the following:

**I.      Overview of Fed. R. Evid. 413**

Fed R. Evid. 413(a) states that "[i]n a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Such relevant matters specifically "include[] the defendant's propensity to commit such offenses." *Hollow Horn*, 523 at 887; *see United States v. Benally*, 500 F.3d 1085, 1089-90 (10th Cir. 2007); *United States v. Holy Bull*, 613 F. 3d 871, 873 (8th Cir. 2010) (admitting evidence of a sexual assault 20 years prior to the charged conduct). As the Eighth Circuit has explained, Congress enacted Rule 413 to modify, and carve out an exception to, the general rule under Fed. R. Evid. 404 prohibiting evidence of prior bad acts offered to prove a defendant's character or propensity to commit a crime. *Crawford*, 413 F.3d at 875-76; *see also United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998) ("Rule 413 is based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes, and often justifies the risk of unfair prejudice.").

The term "offense of sexual assault" as used in Rule 413 is defined within subsection (d) and means a crime under Federal or State law that involved:

> (1) any conduct proscribed by chapter 109A of title 18, United States Code;

(2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;

(3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body

(4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or

(5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(4).

In order to establish admissibility under Rule 413, the government must show that: (1) the defendant is currently accused of an offense of sexual assault; (2) the proffered prior acts evidence is of the defendant's commission of another offense of sexual assault; and (3) the proffered evidence is relevant. Fed. R. Evid. 413; *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010). "Evidence admitted under Rule 413 is still subject to Rule 403, requiring that the evidence's probative value outweigh the danger of unfair prejudice." *Crawford*, 413 F.3d at 875. In the context of Rule 413, the probative value of the evidence outweighs the risk of unfair prejudice when the defendant's prior sexual assaults are so similar to the charged conduct, so as to not unduly divert attention from the issues. *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001); citing *United States v. Butler*, 56 F.3d 941, 944 (8th Cir. 1995). Moreover, as its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases – even when other crimes evidence is involved." *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984) (internal quotations removed).

Case 4:10-cr-00244-DGK   Document 316   Filed 08/13/12   Page 3 of 12

The Eighth Circuit has consistently affirmed district court orders admitting evidence of other sexual assaults pursuant to Fed. R. Evid. 413. *See, e.g.*, *Holy Bull*, 613 F.3d at 873; *United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009); *United States v. Carter*, 410 F.3d 1017, 1021-22 (8th Cir. 2005); *United States v. Withorn*, 204 F.3d 790, 794 (8th Cir. 2000)*; see also*, *United States v. Sims*, 161 Fed. Appx. 849, 852-53 (11th Cir. 2006) (unpublished) (case involving 18 U.S.C. § 1591); *United States v. O'Connor*, 650 F.3d 839, 853 (2d Cir. 2011) (same).

## II.  Application of Fed. R. Evid. 413

### A.  Charges Against Defendant Involve Offenses of Sexual Assault

The pending charges against Defendant Edward Bagley clearly involve "offenses of sexual assault" against the victim as defined by Rule 413(d). As alleged in the Indictment, Defendants Edward and Marilyn Bagley violently, sexually abused and tortured the victim.[3] They targeted the victim when she was a minor child because they believed she had a troubled background and suffered from mental deficiencies, making her more susceptible to their crimes. Whereas the victim demonstrates pain and severe suffering during these events, the evidence shows that Defendant Bagley obtained sexual

---

[3] The defendants intend to claim these acts of torture are just a part of the Bondage Domination Sadism Masochism ("BDSM") subculture. However, even in the BDSM lifestyle, the acts inflicted on a consenting masochistic person must always be "safe and sane" and cannot involve assaults which result in serious physical harm or permanent injury. The defendants attempt to hide behind the veil of a "lifestyle" or "subculture" only to disguise what are actually violent criminal assaults.

4

arousal and pleasure by committing the acts. The assaults were so severe that they left the victim with many permanent injuries and damage.

The charged acts in the Indictment, cross-referenced herein, detail "offenses of sexual assault" under Rule 413(d)(2)-(3), because the victim did not consent to any of the conduct, and also pursuant to Rule 413(d)(4) because the Defendant derived sexual pleasure or gratification from inflicting such bodily injury and physical pain on the victim.

    **B.**    **Notice to Defendant of Evidence to be Introduced**

Pursuant to Fed. R. Evid. 413(b) and (d)(4), the government provides notice that it will introduce evidence that Defendant Edward Bagley committed similar crimes of sexual assault that involved "deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person." Specifically, the government intends to introduce evidence, including testimony, photographs, and video, of the following sadistic sexual assaults committed by Defendant Edward Bagley against Marilyn Bagley[4]:

    1.    Vaginal Suturing - sewing the vagina shut with wire/thread

    2.    Strangulation - hanging and strangling with rope

---

[4] This evidence was previously disclosed in discovery on January 24, 2011, and is located on Discovery Disk 1 (HARCFL 065743) and on March 22, 2011, and is located on Discovery Disks 3, 4, 8, and 9, 13, 14 (respectively, HARCFL 065878, 065877, 065871, 065872, 065879, 09-345).

3. Suffocation - withholding oxygen by suffocating with a plastic bag

4. Anal Penetration with Foreign Devices

5. Binding - binding arms, legs, and throat with rope and materials

6. Needles - penetrating breasts with needles

7. Nailing - nailing breasts/nipples to objects

8. Collars - strangling with tightened dog collar

9. Ball Gag - choking with tightened ball gag in mouth/throat

10. Flogging - severe beatings with flogs and whips

Rule 413 evidence is relevant if it is "similar." *Crawford*, 413 F.3d at 876 (citing *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001)). In the case before the Court now, these specific sadistic acts are the <u>same</u> sexual assaults committed on the victim, as outlined above.[5]

While there are an uncountable number of images and videos that depict Defendant Edward Bagley's assaults on Marilyn Bagley, because of the highly disturbing content, the government will select only a *minimal* few to be published for the jury for a few seconds each.

---

[5] Unlike the victim, Defendant Marilyn Bagley has maintained that she "consented" to the sexual assaults Defendant Edward Bagley inflicted upon her. Marilyn Bagley's "consent" to the sexual assaults by Defendant Edward Bagley does not change whether the acts legally constitute assault or not. Pursuant to the Missouri state assault statute, V.A.M.S. 565.050, consent is not a defense to assault resulting in serious physical injury.

6

The government provides further notice pursuant to Fed. R. Evid. 413(b) and (d)(5), that it will introduce evidence that Defendant Edward Bagley "attempt[ed]... to engage in" sexual assaults that involved "deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person." Specifically, the government intends to introduce evidence that Defendant Edward Bagley attempted to recruit other females online and lure them to his residence for the purposes of committing the same sadistic sexual assaults that he committed against Marilyn Bagley, as outlined above, and the victim in this case.[6] Defendant Bagley's attempt occurred a few months after the victim's rescue on February 27, 2009, by medical personnel after she suffered a heart attack as a result of the defendant's sexual assaults.[7]

The above described evidence constitutes "offenses of sexual assault" as defined by Rule 413(d)(4) and (5)[8] because Defendant Edward Bagley derived sexual pleasure

---

[6] These email communications and photographs were also previously disclosed in discovery on December 8, 2011 (Discovery Disk: 37) and March 22, 2011 (Discovery Disk: 14, HAR-09-345B).

[7] During the Defendant's communications with the other females online, he admitted to torturing the victim in this case. He also transferred some of the more "benign" photographs of the victim to at least one of the females. Accordingly, this evidence is also admissible as the defendant's admissions against self interest. Fed. R. Evid. 801(d)(2)(A) (admissions of a party opponent); *United States v. Cooke*, 675 F.3d 1153, 1157 (8th Cir. 2012), citing *United States v. Porter,* 544 F.2d 936, 938-39 (8th Cir. 1976). Thus, notice pursuant to Fed. R. Evid. 413 is only included here only in an abundance of caution.

[8] Unlike the victim, Marilyn Bagley, in her interview to the FBI, stated that she consented to this conduct and therefore, Fed. R. Evid. 413(d)(2) and (3) do not apply.

and gratification from his infliction of both bodily injury and physical pain of another person, or attempted to do so. In the videos and images that depict the above listed assaults, the Defendant can be seen and heard deriving sexual pleasure as Marilyn Bagley loses oxygen, seizes, and eventually becomes unconscious and limp. During CCA custody phone calls, the Defendant admits that he sewed Marilyn Bagley's vagina closed as a part of their sexual "play." Subsequent emails between the Defendant and another female he was attempting to recruit also demonstrate that he engaged in the assaults for his own sexual pleasure. While not including his most extreme assaults, the Defendant brags to another female about the sexual assaults he had inflicted on the victim, including: "bondage, sensory depervation, rope bondage, hood's gag's, eletric play, breath play, fisting, hot wax, needle play, cage's whip's flogger's, etc." [sic].

    **C.**    **Relevance and Rule 403 Analysis**

This evidence is highly relevant to address contested issues at trial. First, Defendants Edward Bagley and Marilyn Bagley stated in their interviews with the FBI that it was the minor victim's idea to get involved in "bondage domination sadism masochism" (or "BDSM") with them. Defendant Edward Bagley stated that Marilyn Bagley did *not* participate in sexual bondage acts with him. He also stated that Marilyn Bagley did *not* participate in any sexual bondage acts with the victim. Defendant Edward Bagley referred to his experience in BDSM as "merely role play" and that he was only into it "a little bit." He further stated that he was "unfamiliar with the use of various

8

sexual devices" until *the victim* insisted he use them on her.  However, the government's intended evidence demonstrates Defendant Bagley's intense and extreme involvement in sadistic and violent sexual-activities for decades that predates his contact with the victim.  The evidence further demonstrates his experience in sadistic sexual assaults is extensive and far more than a "little bit" and was anything other than "role play."

Further, the victim will testify that the defendant was able to strangle her to unconsciousness on many occasions without killing her, an issue the defendants deny.  The similar evidence of Defendant Edward Bagley's sexual assaults against Marilyn Bagley depicts his long term sexual interest and proficiency in performing strangulations to unconsciousness, but not death.  Further, the indictment charges that the defendant's strangulation and electrocution induced cardiac arrest upon the victim on February 27, 2009.  The victim will testify that the defendant was strangling and shocking her with electric voltage on that day before she became unconscious.  Defendant Edward Bagley denies that he has ever engaged in such conduct and that he was not the cause of the victim's heart attack.  The Rule 413 evidence will contradict that claim.

The probative value of Defendant Edward Bagley's similar sexual assaults outweighs the danger of unfair prejudice under Rule 403.  The Eighth Circuit has held that, under Rule 403, where "evidence [of prior abuse] [is] so similar to [one of] the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case." *Gabe*, 237 F.3d at 959.  Likewise, here, the Defendant's other sexual

9

assaults are so similar, if not identical, to the conduct alleged in this case that they would not unfairly distract the jury. Furthermore, the similarities between the Defendant's sexual assaults against Marilyn Bagley and his sexual assaults against the victim are highly relevant for the jury to consider in resolving the contested issues described above. As noted above, the government only intends to publish it in a highly abbreviated format, thereby further reducing the likelihood of the evidence unfairly prejudicing the Defendant. Finally, the Court may wish to provide a cautionary instruction to the jury that this evidence should be considered only for the limited purpose for which it was offered in order to further reduce any risk of unfair prejudice. *See Crawford*, 413 F.3d 873 ("Limiting instructions decrease the danger of unfair prejudice.").

WHEREFORE, the United States provides notice pursuant to Fed. R. Evid. 413 of its intention to admit evidence of the defendant's acts of similar sexual assaults.

    Respectfully submitted,

    David M. Ketchmark
    Acting United States Attorney

By:   */s/ Paul S. Becker*
    Paul S. Becker
    Assistant United States Attorney
    Chief, Violent Crimes Strike Force Unit

    */s/ Cynthia L. Cordes*

    Cynthia L. Cordes
    Assistant United States Attorney
    Human Trafficking Coordinator

    */s/ John Cowles*

    John Cowles
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

CLC:lm

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 13, 2012, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                  */s/ Cynthia L. Cordes*

                                  Cynthia L. Cordes
                                  Assistant United States Attorney