IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-01-CR-W-DW |
| | ) | |
| EDWARD BAGLEY, SR., | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, and undersigned Assistant United States Attorneys, and the defendant, Edward Bagley, Sr. ("the defendant"), represented by Susan Dill.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count Four of the Indictment, charging the defendant under 18 U.S.C. § 2422(b) (Use of an Interstate Facility to Entice a Minor into Illegal Sexual Conduct). By entering into this plea

agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

3. **Factual Basis for Guilty Plea**. The parties agree that the Government can prove the following facts, including, but not limited to:

In 2002, the defendant met the Female Victim (hereafter, FV) when she was 16 years old and dating his teenage son. FV visited his trailer residence on numerous occasions, which was located in Lebanon, Missouri, in the Western District of Missouri. The defendant knew that FV grew up in foster care, came from a troubled home life and had suffered emotional, physical, and sexual abuse in her past. FV also suffered from mental deficiencies and had previously sustained a traumatic head injury.

During FV's visits to the defendant's trailer residence, the defendant showed FV images and videos of pornography on the internet and downloaded from the internet, including images and videos of bondage and sadomasochistic conduct. The defendant provided FV with controlled substances. The defendant taught FV about bondage and sadomasochistic activities. The defendant's wife, Marilyn Bagley, modeled stripper and bondage clothing for FV. The defendant and Marilyn Bagley told FV that she would love being a "slave" for the defendant. The defendant began a sexual relationship with FV prior to her seventeenth birthday.

FV viewed the defendant as her boyfriend and moved in the Bagley trailer residence in 2003. The defendant provided FV her own room, clothes, and promised her a great life.

Over the course of the next six years, the defendant executed sadomasochistic acts on FV, including, but not limited to: sewing the victim's vagina closed, whipping and flogging her body, penetrating her breasts with needles and skewers, suffocating her with plastic bags, strangling her

with rope, putting her in a dog cage, and electrocuting FV's sexual organs with devices which produced electrical voltage. The defendant further photographed and videotaped many of the acts he performed on her.

    4.    **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) or part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2.

    5.    **Statutory Penalties.** The defendant understands that upon his plea of guilty to Count Four of the Indictment, charging a violation of 18 U.S.C. § 2422(b), the maximum penalties the Court may impose are as follows: not less than ten years imprisonment and not more than life imprisonment, a $250,000 fine, life supervised release, an order of restitution, and a $100 mandatory special assessment. The defendant agrees to pay in full the mandatory special assessment of $100 no later than the date of sentencing. The defendant further understands that the crime he is pleading guilty to is a Class A felony offense.

-3-

Case 4:10-cr-00244-DGK   Document 397   Filed 01/15/13   Page 3 of 14

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the Court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determine advisory Guidelines range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), that the Court must impose a sentence of twenty (20) years. If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the Court is rejecting the plea agreement the Court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

    b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

    c. If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose a period of imprisonment of up to life imprisonment. In addition to a term of imprisonment, the Court also may impose a period of supervised release, the length of which cannot exceed life.

    d. Any sentence of imprisonment imposed by the Court will not allow for parole.

    e. The Court must order restitution to be paid to victim of the offenses to which he is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity. The defendant understands and agrees that entry of a restitution order is mandatory in this case pursuant to 18 U.S.C. § 1593.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses for

-4-

Case 4:10-cr-00244-DGK   Document 397   Filed 01/15/13   Page 4 of 14

which it has venue and which arise out of the conduct charged in the Indictment. Further, the United States agrees to dismiss all remaining counts charged in the Indictment at the time of sentencing.

Excluding the acts already charged, the defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if additional charges are initiated against him following a breach of this agreement. It is the specific intent of this plea agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of limitations on the date this plea agreement is signed by the defendant. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report**. The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the

defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement.

**10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

> a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable."

> b. The applicable Guidelines section for the offense of conviction in Count Four is U.S.S.G. § 2A3.1, which provides for a base offense level of 30.

Case 4:10-cr-00244-DGK   Document 397   Filed 01/15/13   Page 6 of 14

c. The parties expressly acknowledge that other enhancements or reductions in the defendant's offense level may be applicable. The defendant agrees to not oppose enhancements applied by the U.S. Probation Office or the government.

d. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office.

e. The defendant understands that the estimated Guideline calculations set forth in the subsections of this paragraph do <u>not</u> bind the Court or the United States Probation Office with respect to the Court's determination of the applicable advisory Guidelines.

f. The defendant and the United States confirm that the agreed sentence set forth above is both reasonable and authorized by law.

g. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in an indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

h. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that are made during the plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

11. **<u>Effect of Non-Agreement on Guidelines Applications.</u>** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

Case 4:10-cr-00244-DGK   Document 397   Filed 01/15/13   Page 7 of 14

**12.     Change in Guidelines Prior to Sentencing.**  The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option.  If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.     Government's Reservation of Rights.**  The defendant understands that the United States expressly reserves the right in this case to:

  a.  oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

  b.  comment on the evidence supporting the charges in the Indictment;

  c.  oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

  d.  oppose any post-conviction motions for reduction of sentence, or other relief.

**14.     Waiver of Constitutional Rights.**  The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

  a.  the right to plead not guilty and to persist in a plea of not guilty;

  b.  the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

  c.  the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d.  the right to confront and cross-examine the witnesses who testify against him;

    e.  the right to compel or subpoena witnesses to appear on his behalf; and

    f.  the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement.

  **15.**  **<u>Waiver of Appellate and Post-Conviction Rights</u>.**

    a.  The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b.  The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

Case 4:10-cr-00244-DGK   Document 397   Filed 01/15/13   Page 9 of 14

**16. Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

     a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. This includes future restitution for counseling and medical costs calculated and projected by a government expert. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

     b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

     c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

     d. Within 10 days of the execution of this plea agreement, at the request of the United States Attorney's Office (USAO), the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of all financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

     e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

     f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100.00 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17.** **<u>Waiver of FOIA Request.</u>** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18.** **<u>Waiver of Claim for Attorney's Fees.</u>** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19.     Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

In the event defendant breaches the Plea Agreement, the United States will no longer be bound by, and may withdraw from, the Plea Agreement and take defendant to trial on any charges of which the United States is aware.  Defendant agrees that if the United States in good faith determines that he has not provided full and truthful testimony, or has committed any local, state, or federal crime between the date of this Plea Agreement and his sentencing, or has otherwise violated any other provision of this Plea Agreement, or has violated the terms and conditions of his release while on bond as required by the Court, the United States will be relieved of its obligations under this Plea Agreement, and the defendant's previously entered plea of guilty shall remain in effect and cannot be withdrawn. The defendant will be subject to all penalties carried by the statute in which he plead guilty and the court and government will not be bound by the agreed upon term of twenty (20) years.  Further, the defendant shall be subject to prosecution for any federal crime of

Case 4:10-cr-00244-DGK   Document 397   Filed 01/15/13   Page 12 of 14

which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Further, any prosecution which is not barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the defendant in accordance with this Plea Agreement, notwithstanding the expiration of the statute of limitations between the time of signing this agreement and the commencement of the prosecution. It is the specific intent of this Plea Agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of limitations on the date this Plea Agreement is signed by the defendant.

20. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and

ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                                Tammy Dickinson
                                                United States Attorney

*/s/ Paul S. Becker*

Dated:   1/15/2013

Paul S. Becker
Assistant United States Attorney
Chief, Violent Crimes Strike Force Unit

*/s/ Cynthia L. Cordes*

Cynthia L. Cordes
Assistant United States Attorney
Human Trafficking Coordinator

*/s/ John Cowles*

John Cowles
Assistant United States Attorney

CLC:lm

     I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

*/s/ Edward Bagley, Sr.*

Dated:   1/15/2013

Edward Bagley, Sr.
Defendant

     I am defendant Edward Bagley, Sr.'s attorney. I have fully explained to Mr. Bagley his rights with respect to the offense charged in the Indictment. Further, I have reviewed with him his provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Edward Bagley, Sr.'s decision to enter into this plea agreement is an informed and voluntary one.

*/s/ Susan Dill*

Dated:   1/15/2013

Susan Dill
Attorney for Defendant